**BLUE CROSS AND BLUE SHIELD, OF MICHIGAN, Plaintiff,**

v.

**HALIFAX INSURANCE PLAN, INC., Defendant.**

No. 96–1498–Civ–T–17.

United States District Court, M.D. Florida, Tampa Division.

April 15, 1997.

Todd Michael Cranshaw, Miles, Green & Cranshaw, P.A., Daytona Beach, FL, for Defendant.

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND FOR SANCTIONS

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following motions and responses:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 21).

2. Plaintiff's Reply to Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 24).

3. Plaintiff's Motion for Leave to Amend (Docket No. 28).

4. Defendant's Motion for Sanctions (Docket No. 29).

5. Plaintiff's Reply to Defendant's Motion for Sanctions (Docket No. 26).

## I. Standard of Review

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The allegations in the complaint should be taken as admitted by the defendants and liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969).

In the Eleventh Circuit, three (3) types of conduct warrant Rule 11 sanctions: a party's filing a pleading that has no reasonable factual basis; a party's filing a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and a party's filing a pleading in bad faith or for improper purpose. *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir.1993).

## II. Background

Plaintiff in this case, Blue Cross and Blue Shield of Michigan, filed a diversity suit in this court on August 1, 1996, and filed an amended complaint on November 6, 1996. The following facts are asserted in the amended complaint and are relevant to the issues before this court. For purposes of these motions, all of these allegations are assumed to be admitted. Plaintiff was the health care insurance provider for Carol A. Levine. In August 1991, Levine visited Dr. Remigio G. Lacsamana because she had found a lump in her right breast. Dr. Lacsamana ordered a mammogram, but did not provide the follow-up care indicated by the results of the mammogram, instead telling Levine that she had nothing to worry about.

On April 1992, Levine consulted another doctor regarding the lump in her breast. That doctor diagnosed a carcinoma of the right breast requiring a modified radical mastectomy. Levine required extensive medical treatment up until the time of her death in March, 1994. Plaintiff paid $283,126.78 in medical expenses related to Levine's treatment for cancer.

The contract between Levine and Plaintiff included a subrogation provision allowing Plaintiff to seek recovery for medical expenses it had paid that should have been paid by another. The administrator of Levine's estate settled a lawsuit with Dr. Lacsamana. However, the settlement did not include Levine's medical expenses. The defendant was the medical malpractice insurance provider for Dr. Lacsamana. Plaintiff alleges that at the time of the settlement Defendant knew or should have known of the existence of Plaintiff's subrogation interest, the facts of the medical malpractice committed by its insured, and the likelihood that Defendant was legally responsible for the medical expenses paid by Plaintiff. Plaintiff alleges as well that Defendant negligently failed to properly investigate claims, failed to acknowledge and act promptly on claims, and denied claims without having first conducted a reasonable investigation, and that Defendant acted in such a manner as a general business practice.

## III. Discussion

Defendant moves to dismiss the amended complaint on the grounds that it violates Florida's nonjoinder statute, Florida Statutes § 627.4136, and that Plaintiff does not have standing to bring a suit under Florida Statutes § 624.155.

### A. Violation of Nonjoinder Statute

Florida's nonjoinder statute requires as a condition precedent to a suit against a liability insurer by a third party, that is, a party other than the insured, that the third party must first obtain a settlement or judgment against the insured. Fla. Stat. § 627.4136(1). Likewise, that section also provides that no third party shall have an interest in a liability insurance policy without having first obtained

a settlement or judgment against the insured. Fla. Stat. § 627.4136(2). An insurer may also "insert in liability insurance policies contractual provisions that preclude" third parties "from joining a liability insurer as a party defendant with its insured" before a verdict has been rendered. Fla. Stat. § 627.4136(3).

Defendant argues that Plaintiff has not met the requirements of the nonjoinder statute, in that Plaintiff has not alleged that either Plaintiff or its subrogor has obtained a settlement or verdict against the insured, Dr. Lacsamana, for Levine's medical expenses.

Plaintiff argues that it has not violated the Florida nonjoinder statute. It argues that if the third party has obtained a settlement from the insured, it may sue the liability insurer, even if the settlement does not cover all pending claims.

■ The issue, therefore, is whether, under Florida law, the allegation that a third party has reached a settlement with the insured is sufficient to satisfy the requirements of Florida's nonjoinder statute, even if that settlement does not include the particular claim under which the insured sues, but is a part of the same set of facts and circumstances.

As far as this Court can determine, this issue has not been addressed by a Florida court. However, the pertinent words of the statute state that a third party may not maintain a cause of action against an insurer unless the third party has "obtained a settlement or verdict against [the insured] under the terms of such policy for *a cause of action* which is covered by such policy." Fla. Stat. § 627.4136 (emphasis added). There is no mention in the statute of any requirement that the third party must have obtained a settlement or verdict against the insured as to the particular claim under which the insurance company is being sued. The plain language of the statute requires only that the third party have obtained a settlement or judgment against the insured "under the terms of such policy", and that the cause of action be one "which is covered by such policy."

In this case, Plaintiff has alleged that its subrogor obtained a settlement with the insured, Dr. Lacsamana. Plaintiff does not specifically allege that the settlement reached between the administrator of Levine's estate and Dr. Lacsamana was covered by Dr. Lacsamana's medical malpractice policy. However, given the allegations that the Plaintiff has made, it is a reasonable inference that the settlement involved a medical malpractice claim. Given the policy that the allegations in the complaint are to be liberally construed in favor of the plaintiff, *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969), Plaintiff's allegations are sufficient to demonstrate that its suit is not precluded by Florida's nonjoinder statute.

■ Defendant argues further that Dr. Lacsamana's policy included the contractual provision authorized by Florida Statutes § 627.4136(3), prohibiting third parties from joining Defendant as a party defendant before a verdict has been rendered against the insured. However, the scope of this review is limited to the allegations contained within the Amended Complaint. Matters outside of the allegations of the Amended Complaint are not proper considerations in ruling on a motion to dismiss.

### B. Standing Under Unfair Insurance Practices Statute

The Unfair Insurance Trade Practices Act provides that "any person" damaged by unfair claim settlement practices may bring suit against the insurer. Fla. Stat. § 624.155. Those unfair practices include the failure to "properly investigate" or "acknowledge" claims and the denial of a claim "without conducting a reasonable investigation of available information." Fla. Stat. § 626.9541.

Defendant argues that before a plaintiff may sue under this provision, the plaintiff must comply with the Florida nonjoinder statute. This Court need not decide whether that argument is correct, since, as discussed above, Plaintiff has sufficiently alleged compliance with the Florida nonjoinder statute to withstand a motion to dismiss.

■ Defendant contends that Plaintiff has failed to allege that it was damaged by Defendant's unfair claim practices. In its Amended Complaint, Plaintiff alleges that Defendant engaged in the practices discussed in §§ 624.155 and 626.9541, and that as a result of those practices, Plaintiff was damaged in the amount of $283,126.78. This allegation is sufficient to satisfy the requirements of notice pleading. *See* Fed.R.Civ.P. 8.

■ Defendant also alleges that Plaintiff has failed to allege the required condition precedent, that Plaintiff provide written notice to the Florida Department of Insurance prior to suing under this section. *See* Fla. Stat. 624.155(2)(a). In its Motion for Leave to Amend, Plaintiff admits that it has failed to allege compliance with this requirement and alleges that it has given the required notice to the Department of Insurance. Because Plaintiff's Amended Complaint failed to allege a mandatory condition precedent to its unfair insurance practices claim, the defendant's motion to dismiss will be granted.

Plaintiff requests leave to amend its complaint to reflect this notice having been given. Federal Rule of Civil Procedure 15 requires that leave to amend "be freely granted when justice so requires." There is no apparent reason, such as undue delay, bad faith, or dilatory motive on the part of the Plaintiff, or prejudice to the Defendant, that should preclude leave to amend in this case. Plaintiff's motion to amend will therefore be granted, and Plaintiff will be given ten (10) days in which to amend its complaint.

### C. Motion for Sanctions

■ Defendant has moved that Rule 11 sanctions be assessed against Plaintiff, asserting that the suit was filed for an improper purpose and that the suit is not warranted by existing law. There is no evidence of any improper purpose for the filing of this claim. Nor is the suit unwarranted under existing law. Therefore, the motion for sanctions will be denied. Accordingly, it is

**ORDERED** that the motion to dismiss be **granted** without prejudice; the motion for sanctions be **denied;** and that the motion to

amend be **granted.** Plaintiff shall have ten (10) days from this date to amend its complaint to allege compliance with the requirements of Fla. Stat. 624.155. **FAILURE TO AMEND THE COMPLAINT WITHIN THE DESIGNATED TIME PERIOD WILL RESULT IN THE COMPLAINT BEING DISMISSED WITH PREJUDICE.**